UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM COLE, Plaintiff, v. CITY OF WOODLAND, et al., Defendants. | No. 2:26-cv-1157 CSK P<br>ORDER |

Plaintiff is former county inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is granted an opportunity to elect to proceed with the following potentially colorable claims raised in the amended complaint: (1) Fourteenth Amendment excessive force claims against defendants does Yolo County Jail Correctional Officers 1-30 and defendants does Yolo County Sheriff's Deputies 1-30, raised in claim one; (2) the Monell[1] claim based on pervasive custom or practice against defendant Yolo County, raised in claim three; and (3) the

[1] See Monell v. Dep't of Soc. Servs., 436 U.S. 658, (1978).

Bane Act claims against defendants does Yolo County Jail Correctional Officers 1-30, defendants does Yolo County Sheriff's Deputies 1-30, defendants does Yolo County Jail supervisory officials 1-30 and Yolo County, raised in claim four.

## I. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## II. THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

## III. DISCUSSION

Plaintiff filed his original complaint on March 27, 2026. (ECF No. 1.) On June 16, 2026, plaintiff filed a motion for leave to file an amended complaint and a proposed amended complaint. (ECF Nos. 7, 8.) Good cause appearing, plaintiff's motion for leave to file an amended complaint is granted. This Court screens the amended complaint below.

### A. Amended Complaint

Named as defendants are Yolo County, City of Woodland, does Yolo County Jail Correctional Officers 1-30, does Yolo County Sheriff's Deputies 1-30 and does Yolo County Jail

supervisory officials 1-30. (ECF No. 8 at 1-2.) Plaintiff claims that while he was a pretrial detainee incarcerated at the Yolo County Jail, he was repeatedly transported to the court for appearances. (Id. at 3.) Plaintiff claims that from approximately August 2022 through 2025, during these transports, defendants repeatedly placed plaintiff in standard size restraints that were too small for him, including handcuffs and related restraints. (Id.) Plaintiff claims that he repeatedly complained to custody staff, transport deputies and courthouse deputies that the restraints were too tight and were causing substantial pain, swelling, discoloration, numbness, tingling, loss of feeling and other injuries to plaintiff's hands and wrists. (Id.) Plaintiff also filed grievances and otherwise notified staff that he required larger restraints. (Id.) Plaintiff claims that one grievance process confirmed the need for larger restraints and supervisory staff were notified that larger restraints should be made available before future court dates, but the problem continued. (Id.) Despite repeated complaints and notice, defendants failed to provide larger restraints. (Id.) The use of improperly fitted restraints occurred over an extended period and on many separate occasions. (Id. at 4.)

**B. Plaintiff's Legal Claims**

1. Claims One and Two

In claim one, plaintiff raises a Fourteenth Amendment excessive force claim against defendants does Yolo County Jail Correctional Officers 1-30 and defendants does Yolo County Sheriff's Deputies 1-30 for repeatedly applying too small restraints on plaintiff that caused plaintiff pain and injuries. (Id. at 4-5.)

A pretrial detainee's challenge to jail conditions is governed by the Fourteenth Amendment. See Kingsley v. Hendrickson, 576 U.S. 389, 400 (2015). In Kingsley, the Supreme Court held that a pretrial detainee's excessive force claim is governed by a standard of objective reasonableness. See id. at 396-97. This Court finds that claim one states a potentially colorable Fourteenth Amendment excessive force claim against defendants does Yolo County Jail Correctional Officers 1-30 and defendants does Yolo County Sheriff's Deputies 1-30. See James v. Lee, 485 F. Supp. 3d 1241, 1257 (S.D. Cal. 2020) ("The Ninth Circuit has long recognized that overly tight handcuffing may constitute excessive force, particularly when the handcuffs caused

demonstrable injury or unnecessary pain, or when officers ignored or refused requests to loosen handcuffs once alerted that the handcuffs were too tight.”).

In claim two, plaintiff raises a Fourteenth Amendment claim based on “unconstitutional conditions of confinement/failure to protect/deliberate indifference” against defendants does Yolo County Jail Correctional Officers 1-30, does Yolo County Sheriff’s Deputies 1-30 and does Yolo County Jail supervisory officials 1-30 based on the repeated use of too small restraints that caused plaintiff pain and injuries. (ECF No. 8 at 5.) While plaintiff’s allegations regarding the repeated use of too small restraints state a potentially colorable Fourteenth Amendment excessive force claim, this Court does not find that these allegations state potentially colorable Fourteenth Amendment claims based on theories of conditions of confinement, failure to protect or deliberate indifference. Accordingly, claim two is dismissed.

2. Claim Three

Based on the allegations of repeated use of too small restraints, in claim three plaintiff raises “municipal liability” claims against defendants Yolo County and City of Woodland. (Id. at 6.) Plaintiff claims that the injuries he suffered were caused by one or more official policies, longstanding customs and practices, failure to train and/or discipline and ratification by the defendants. (Id.)

Under the Supreme Court’s decision in Monell, local governments may be liable under section 1983 for wrongs committed by the local government itself. A municipality or other local government entity is subject to Monell liability when that government, “under color of some official policy, ‘causes’ an employee to violate another’s constitutional rights.” Monell, 436 U.S. at 692. A municipality, however, cannot be held liable solely for the purported constitutional violations of its employees, “or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.” Id. at 691. Therefore, the municipality itself must have acted through an official municipal policy or custom. See id. at 694. The Ninth Circuit has recognized four theories for establishing municipal liability under Monell: “(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker.” Horton by Horton v. City of Santa Maria, 915 F.3d 592, 602–03 (9th

Cir. 2019).

This Court finds that plaintiff states a potentially colorable Monell claim against defendant Yolo County on the theory that the repeated use of too small restraints was based on a pervasive practice or custom. Plaintiff also raises Monell claims against defendant Yolo County on the basis of an official policy, failure to train and/or discipline and a decision or act by a final policymaker. However, the amended complaint includes no factual allegations supporting these theories of municipal liability. These claims are just a repetition of the elements of a Monell claim which are not sufficient to state a claim. See Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (quoting Twombly, 550 U.S. at 555) (dismissing a pro se plaintiff's Monell claims because they "lack[ed] any factual allegations that would separate them from the 'formulaic recitation of a cause of action's elements' that the Supreme Court has deemed insufficient to state a claim."). Accordingly, plaintiff's Monell claims against defendant Yolo County based on these theories of municipal liability are dismissed.

Plaintiff also raises a Monell claim against defendant City of Woodland. However, the amended complaint contains no allegations demonstrating that defendant City of Woodland caused the application of the too small restraints. The amended complaint alleges that employees of Yolo County applied the too small restraints. For these reasons, plaintiff does not state a potentially colorable Monell claim against defendant City of Woodland.

3. Claim Four

Plaintiff raises a claim pursuant to California Civil Code § 52.1 (Bane Act) against all defendants based on the use of too small restraints that caused plaintiff pain and injury. (ECF No. 8 at 6-7.) In the amended complaint, plaintiff alleges that he presented a written claim concerning the allegations in the amended complaint in compliance with the California claim presentation requirement. (Id. at 4.) This Court finds that plaintiff states potentially colorable Bane Act claims against defendants does Yolo County Jail Correctional Officers 1-30, defendants does Yolo County Sheriff's Deputies 1-30, defendants does Yolo County Jail supervisory officials 1-30 and Yolo County. See Hughes v. Rodriguez, 31 F.4th 1211, 1224 (9th Cir. 2022) (quoting Reese v. County of Sacramento, 888 F.3d 1030, 1043 (9th Cir. 2018)) ("The elements of a Bane

Act claim are essentially identical to the elements of a § 1983 claim, with the added requirement that the government official had a 'specific intent to violate' a constitutional right."). This Court finds that plaintiff does not state a potentially colorable Bane Act claim against defendant City of Woodland because the amended complaint contains no allegations demonstrating that defendant City of Woodland caused the application of the too small restraints.

## IV. PLAINTIFF'S OPTIONS

As discussed above, plaintiff's amended complaint raises the following potentially colorable claims for relief: (1) Fourteenth Amendment excessive force claims against defendants does Yolo County Jail Correctional Officers 1-30 and defendants does Yolo County Sheriff's Deputies 1-30, raised in claim one; (2) Monell claim based on pervasive custom or practice against defendant Yolo County, raised in claim three; and (3) Bane Act claims against defendants does Yolo County Jail Correctional Officers 1-30, defendants does Yolo County Sheriff's Deputies 1-30, defendants does Yolo County Jail supervisory officials 1-30 and Yolo County, raised in claim four.

For the reasons discussed above, this Court finds that the following claims raised in the amended complaint are not potentially colorable: (1) Fourteenth Amendment claim based on "unconstitutional conditions of confinement/failure to protect/deliberate indifference" against defendants does Yolo County Jail Correctional Officers 1-30, defendants does Yolo County Sheriff's Deputies 1-30 and defendants does Yolo County Jail supervisory officials 1-30, raised in claim two; (2) Monell claims defendant Yolo County based on official policy, failure to train and/or discipline and a decision or act by a final policymaker and all Monell claims against defendant City of Woodland, raised in claim three; and (3) Bane Act claim against defendant City of Woodland, raised in claim four.

Plaintiff may proceed with the claims found potentially colorable or he may delay serving any defendant and attempt to cure the pleading defects discussed above by filing a second amended complaint. If plaintiff elects to proceed with the potentially colorable claims raised in the amended complaint, then within thirty days plaintiff must so elect on the attached form. In this event, the Court will order service of defendant Yolo County and plaintiff must identify the

doe defendants with sufficient information so that service of process may be effected. The Court will issue further orders addressing how plaintiff may discover the identities of the doe defendants. See Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir. 2013) (if identity of defendant is unknown, plaintiff shall be given opportunity through discovery to identify the unknown defendant). Under this option, plaintiff does not need to file an amended complaint.

Or, plaintiff may delay serving any defendant and attempt to cure the pleading defects as to the claims found not potentially colorable. If plaintiff elects to attempt to amend his complaint, plaintiff has thirty days to file a second amended complaint. Plaintiff is not granted leave to add new claims or new defendants.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, plaintiff has complied with the California Government Claims Act, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

> Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded. Plaintiff is not granted leave to add new claims or new defendants.

## V. PLAINTIFF'S NEW ADDRESS

The caption of plaintiff's amended complaint contains a new address of record for plaintiff. (ECF No. 8 at 1.) This Court directs the Clerk of the Court to amend court records to reflect plaintiff's new address.

## VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

2. Plaintiff's motion to file an amended complaint (ECF No. 7) is granted.

3. The following claims are dismissed: (1) Fourteenth Amendment claim based on "unconstitutional conditions of confinement/failure to protect/deliberate indifference" against defendants does Yolo County Jail Correctional Officers 1-30, defendants does Yolo County Sheriff's Deputies 1-30 and defendants does Yolo County Jail supervisory officials 1-30, raised in claim two; (2) Monell claims defendant Yolo County based on official policy, failure to train and/or discipline and a decision or act by a final policymaker and all Monell claims against defendant City of Woodland, raised in claim three; and (3) Bane Act claim against defendant City of Woodland, raised in claim four. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to cure the pleading defects as to these claims. Plaintiff is not obligated to amend his complaint.

4. The allegations in the amended complaint are sufficient to state the following potentially cognizable claims: (1) Fourteenth Amendment excessive force claims against defendants does Yolo County Jail Correctional Officers 1-30 and defendants does Yolo County Sheriff's Deputies 1-30, raised in claim one; (2) Monell claim based on pervasive custom or practice against defendant Yolo County, raised in claim three; and (3) Bane Act claims against defendants does Yolo County Jail Correctional Officers 1-30, defendants does Yolo County Sheriff's Deputies 1-30, defendants does Yolo County Jail supervisory officials 1-30 and Yolo County, raised in claim four. See 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to such claims, plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order. In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

6. The Clerk of the Court is directed to amend court records to reflect plaintiff's new address as listed in the caption of the amended complaint (ECF No. 8): P.O. Box 8089, Woodland, California, 95695.

DATED: August 6, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Cole1157.14/2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM COLE,<br>Plaintiff,<br>v.<br>CITY OF WOODLAND, et al.,<br>Defendants. | No. 2:26-cv-1157 CSK P<br><br>NOTICE OF ELECTION |

Plaintiff elects to proceed as follows:

______ Plaintiff opts to proceed with the following claims: (1) Fourteenth Amendment excessive force claims against defendants does Yolo County Jail Correctional Officers 1-30 and defendants does Yolo County Sheriff's Deputies 1-30, raised in claim one; (2) Monell claim based on pervasive custom or practice against defendant Yolo County, raised in claim three; and (3) Bane Act claims against defendants does Yolo County Jail Correctional Officers 1-30, defendants does Yolo County Sheriff's Deputies 1-30, defendants does Yolo County Jail supervisory officials 1-30 and Yolo County, raised in claim four. Under this option, plaintiff consents to dismissal of the remaining claims raised in the amended complaint without prejudice.

**OR**

_____ Plaintiff opts to file a second amended complaint and delay service of process.

DATED:

____________________________________
Plaintiff